J. Douglas McManus, Jr. Informal Opinion County Attorney No. 2003-2 County of Schenectady County Office Building 620 State Street Schenectady, N.Y. 12305-2114
Dear Mr. McManus:
This is in response to a request from Paul H. Tocker of your office for an Attorney General's opinion as to whether the procedures set forth in Highway Law § 115 constitute a proper method of transferring title, supervision, and control of village roads to the county and whether, after adding village roads to a county road system map, the county is then responsible for maintaining the roads. We conclude that Highway Law § 115 sets forth the proper procedure for transfer of supervision and control of roads and that after such transfer, the county is responsible for maintaining the roads.
The statutory framework for this request is Village Law § 6-602
(formerly Village Law § 141, repealed and reenacted as § 6-602 in 1972) and Highway Law § 115. Pursuant to Village Law §6-602, the streets and public grounds of a village constitute a separate highway district and are under the exclusive control and supervision of the board of trustees. Highway Law § 115
describes the procedure to be followed for a highway to be made a part of a county road system. Pursuant to this section, the county superintendent of highways is to prepare a map of the proposed county road system. The map must then be approved by the county board of supervisors before it becomes effective. Id. After approval, the map must be filed in the office of the county clerk and the county highway superintendent. Id. Each road depicted on the county road map is then a part of the county road system and may be constructed and maintained with state and county funds designated for county roads. Highway Law §§ 114, 115.
As stated in your letter, two roads were improved highways within the village of Delanson under the jurisdiction of the village board of trustees at the time the Schenectady County Board of Supervisors approved by resolution the Schenectady County highway map. The highway map included these two roads. The map was then filed in the office of the county clerk and county superintendent of highways, and the two roads became part of the Schenectady County highway system, pursuant to Highway Law § 115.
We believe that, pursuant to Highway Law § 115, the transfer of control and supervision[1] of the two roads from the village of Delanson to Schenectady County occurred at the time the county road map was approved by resolution of the Schenectady County Board of Supervisors and was filed with the county highway superintendent and the county clerk. Before the county road map took effect, the two roads were village roads, under the exclusive control and supervision of the village board of trustees. Village Law § 6-602. When the county road map became effective, the two roads became subject to maintenance and reconstruction using county road fund moneys. Highway Law § 115. Clearly, roads on which a county may spend money to maintain and reconstruct cannot be under the exclusive control and supervision of the board of trustees of the village through which the road runs. This office has previously found that a county has the authority to maintain those portions of county roads that lie within an incorporated village within the county. Op. Atty. Gen. (Inf.) No. 86-69 ("The fact that a portion of a county road may lie within an incorporated village . . . has no bearing on whether it must be maintained by the county superintendent of highways. The determinative factor is whether the highway is part of the county road system. . . ."). Cf. Board of Trustees of the Village ofLansing v. Pyramid Cos., 51 A.D.2d 414 (3d Dept. 1976) (county followed procedure for abandoning road pursuant to Highway Law § 115-a; village then charged with exclusive control and supervision of road).
The line of case law identified in your letter, stating the principle that the State Legislature has absolute control of and power over the streets, does not necessitate a different response. Instead, we believe that the authorization granted by the Legislature in Highway Law §115 for a county to bring roads under the county's control and supervision by including them on the county road map is consistent with this principle. The interest a municipality, including a county or a village, has in a road is not a private interest but instead is held in trust for the public for public use; it is held not just for the public comprised of the municipality through which the road runs, but for the people of the whole state of New York. See New York State Pub. EmployeesFed'n v. City of Albany, 72 N.Y.2d 96, 101 (1988); People v. Kerr,27 N.Y. 188, 198-99 (1863); McCutcheon v. Terminal Station Comm'n,168 App. Div. 301, 310 (4th Dept. 1915), aff'd, 217 N.Y. 127 (1916). Consequently, the absolute control of the State's roads and the direction as to their use resides with the State Legislature. People v. Kerr,27 N.Y. 188, 199 (1863); People ex rel. Van Norder v. Sewer, Water, Street Comm'n of Village of Saratoga Springs, 90 App. Div. 555, 557
(3d Dept. 1904); Adamson v. Nassau Elec. R. Co., 89 Hun 261, 34 N.Y.S. 1073 (1895). Stated somewhat differently, "[S]o far as the public interests in the streets . . . are effected [sic], the power of the Legislature over them is absolute. . . ." Potter v. Collis,19 App. Div. 392, 396 (1st Dept. 1897),aff'd, 156 N.Y. 16
(1898).
We are of the opinion that the transfer of control and supervision conducted pursuant to Highway Law § 115 cannot reasonably be said to constitute a change in the use of, or to alter the public interests in, the roads. Rather, the transfer is one already authorized by the Legislature via its enactment of Highway Law § 115. Thus, Highway Law § 115 does not override or supersede the common law principle that the State Legislature has absolute control over the highways of the State. The statute and the principle may be applied consistently.
The opinion of the State Comptroller that you cited in your letter, in which the Comptroller determined that a village may not convey a street to a town for maintenance as a town highway (24 Op. St. Compt. 391, No. 68-376 (1968)) does not alter our opinion. While the Comptroller's response in that inquiry indicates that no statutory authority for such a conveyance existed, in the instant situation the county has such authority to include the village road on its map. Highway Law §115; see also Op. Atty. Gen. (Inf.) No. 91-2.
Your letter raised the question of transfer of title as well as transfer of control and supervision. We have previously determined that a transfer of title neither occurs nor is necessary when a municipal road becomes part of a county road system pursuant to Highway Law § 115. Op. Atty. Gen. (Inf.) No. 91-2. Please note that, to the extent 1972 Opinion of the Attorney General (Inf.) 137, cited in your letter, relied upon a transfer of title, it was expressly repudiated by Opinion of the Attorney General (Inf.) No. 91-2. In summary, we believe that the proper method of transferring control and supervision of a village road to the county within which the village is located is by adding the village road to the county road system map pursuant to Highway Law § 115. Upon such transfer, the county is responsible for maintaining the road. Op. Atty. Gen. (Inf.) No. 86-69.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
KATHRYN SHEINGOLD, Assistant Solicitor General in Charge of Opinions
[1] See infra page 3 for discussion of transfer of title.